UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANA WILSON-COMBS,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS; RUSS HEIMERICH; STEVE DAKOTA; MILES BRISTOW; GLENN MASON; KEVIN FLANAGAN; DEBORAH WELLS; MELANIE BEDWELL; and DOES 1 through 10, inclusive,

Defendants.

NO. CIV. 07-2097 WBS DAD

MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS AND STRIKE

----oo0oo----

Plaintiff Lana Wilson-Combs filed this sexual harassment and discrimination action against the California Department of Consumer Affairs (DCA) and current or former DCA employees Melanie Bedwell, Miles Bristow, Steve Dakota, Kevin Flanagan, Russ Heimerich, Glenn Mason, and Deborah Wells (“defendants”). Defendants now move to dismiss plaintiff’s complaint for failure to state a claim upon which relief can be granted and to strike plaintiff’s request for punitive damages.

I. Factual and Procedural Background

Plaintiff began working for the DCA as an Assistant Information Officer in October of 2000. (Compl. ¶ 21.) While working at the DCA, plaintiff alleges that Heimerich, who is one of plaintiff's supervisors, Bristow, Flanagan, Mason, and other co-workers sexually harassed her and continue to do so. (See id. at ¶¶ 22-23 (detailing the alleged sexual harassment).) Plaintiff also alleges that Heimerich and other co-workers harassed and discriminated against plaintiff, and continue to do so, based on her race and gender. (See id. at ¶¶ 24-25 (detailing the alleged discrimination).)

Plaintiff objected to the alleged harassment and discrimination by informing Heimerich, Dakota, and other co-workers of her complaints, contacting law enforcement, filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on November 16, 2006, filing a formal complaint with the Equal Employment Opportunity Office of the DCA on November 11, 2007, filing a formal grievance with the DCA, and submitting a "Government Claims Form" to the California Victim Compensation and Government Claims Board. (Id. at ¶¶ 17-20.) Despite her objections, plaintiff alleges that Heimerich and other DCA employees refused to remedy her concerns and decreased her job responsibilities in retaliation. (Id. at ¶¶ 26-27.) Plaintiff also alleges that Dakota vandalized her vehicle and obstructed her movement within the office in retaliation for her complaints. (Id. at ¶¶ 54-55, 57-58.)

On October 5, 2007, plaintiff initiated this lawsuit, alleging claims for (1) state law discrimination, Cal. Gov't Code

§§ 11135, 12940 (Fair Employment and Housing Act (FEHA)), 19702 (Civil Service Act), against all defendants; (2) Title VII of the Civil Rights Act of 1964 against all defendants; (3) 42 U.S.C. § 1983 against the individual defendants only; (4) negligence against the DCA only; and (5) property damage and assault and battery against Dakota only.

Defendants move to dismiss plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because (1) sovereign immunity bars all claims except plaintiff's Title VII claim against the DCA; (2) plaintiff failed to exhaust her administrative remedies under FEHA and Title VII; (3) plaintiff cannot assert FEHA and Title VII claims against the individual defendants; and (4) plaintiff's § 1983 claim inadequately rests solely on her Title VII rights. Pursuant to Rule 12(f), defendants also move to strike plaintiff's request for punitive damages.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

699 (9th Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 127 S. Ct. at 1968 (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A. State Law Discrimination Claims

1. Eleventh Amendment Immunity

The Eleventh Amendment precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[1] Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004). Eleventh Amendment immunity is not absolute and will not bar a suit if the state has waived or Congress has abrogated the state's immunity. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-55 (1996). As a state agency, the DCA is entitled to assert Eleventh Amendment immunity. Cornwell v. Cal. Bd. of Barbering & Cosmetology, 962 F. Supp. 1260, 1266 (S.D. Cal. 1997) (citing Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147 (1981)) (additional citations omitted).

---

[1] The Supreme Court has read the word "another" out of the phrase "of another State" in the Eleventh Amendment. See Papasan v. Allain, 478 U.S. 265, 276 (1986) ("This language expressly encompasses only suits brought against a State by citizens of another State, but this Court long ago held that the Amendment bars suits against a State by citizens of that same State as well.") (citing Hans v. Louisiana, 134 U.S. 1 (1890)).

The Eleventh Amendment bars plaintiff's FEHA and California Government Code section 11135 claims against the DCA. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("[T]he Eleventh Amendment bars [plaintiff's] FEHA claim in federal court."); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1114-15 (9th Cir. 1987) (holding that Eleventh Amendment immunity applies to section 11135 claims).

Plaintiff's complaint also alleges violations of California Government Code subsections 19702(a)-(b), which do not establish new rights, but are simply "declaratory of existing [discrimination] law." Cal. Gov't Code § 19702(a). Plaintiff has not cited, nor is this court aware of, any authority suggesting that California's Eleventh Amendment immunity under subsections 19702(a)-(b) is distinct from its immunity under FEHA and the Civil Service Act. The DCA's immunity under FEHA would also be meaningless if plaintiff could pursue identical claims under subsections 19702(a)-(b) because those subsections reiterate only plaintiff's rights under FEHA. The DCA, therefore, is immune from any claims plaintiff has based on subsections 19702(a)-(b).

Eleventh Amendment immunity also "bars suits for money damages in federal court against . . . state officials acting in their official capacities." Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). The court will presume that plaintiff sued the individual defendants in their individual capacities because, under plaintiff's state law discrimination claims, defendants can

be liable for damages only in that capacity. Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1285 (9th Cir. 1994).

Accordingly, the court must grant defendants' motion to dismiss, with prejudice,[2] plaintiff's state law discrimination claims against the DCA. As to the individual defendants, the court must deny defendants' motion to dismiss the state law discrimination claims based on sovereign immunity.

2. FEHA Claims Against the Individual Defendants

a. Exhaustion of Administrative Remedies

Before a plaintiff can pursue a FEHA claim, the plaintiff must exhaust all administrative remedies and receive a right to sue notice from the DFEH. Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 492 (1996); see also Rojo v. Kliger, 52 Cal. 3d 65, 82-83 (1990) ("The rule is that where a right is given and a remedy provided by statute, the remedy so provided must ordinarily be pursued. The FEHA, moreover, by its terms implies exhaustion is required, and we have so assumed.") (internal citations omitted). Exhaustion of administrative remedies is a "'jurisdictional prerequisite to resort to the courts,'" not a matter of judicial discretion. See, e.g., Johnson v. City of Loma Linda, 24 Cal. 4th 61, 70 (2000) (quoting Abelleira v. Dist. Court of Appeal, 17 Cal. 2d 280, 293 (1941)).

Defendant concedes that plaintiff has sufficiently

---

[2] Dismissal with prejudice is appropriate when the complaint cannot be saved by an amendment. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Unless the court indicates otherwise, any dismissal in this order is without prejudice.

exhausted her administrative remedies and received a right to sue notice from the DFEH. (Defs.' Reply to Pl.'s Opp'n to Defs.' Motion to Dismiss 3:2-3; Carlock Decl. Ex. A.) Accordingly, the court must deny defendants' motion to dismiss plaintiff's FEHA claims for failure to exhaust her administrative remedies.

b. Liability of Individuals Under FEHA

An individual cannot be held liable under FEHA for discrimination claims because FEHA prohibits only an "employer" from engaging in improper discrimination and such claims "arise out of the performance of necessary personnel management duties." Reno v. Baird, 18 Cal. 4th 640, 644 (1998). Plaintiff cannot, therefore, assert FEHA discrimination claims against the individual defendants.

FEHA does, however, allow plaintiff to pursue retaliation claims against the individual defendants. California courts and the Ninth Circuit have held that, because the retaliation provision of FEHA applies to "any person," a plaintiff can assert a retaliation claim against an individual. Cal. Gov't Code § 12940(h); Walrath v. Sprinkel, 99 Cal. App. 4th 1237, 1242 (2002); Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1288 (9th Cir. 2001).[3]

---

[3] On June 13, 2007, the California Supreme Court granted review of a case to decide the limited issue of "[w]hether an individual may be held personally liable for retaliation under [FEHA]." Jones v. Lodge at Torrey Pines P'Ship, 61 Cal. Rptr. 3d 1 (2007). Because the California Supreme Court has not yet rendered a decision, this court will follow the precedent allowing a plaintiff to bring a retaliation claim against an individual. Vogel v. Dollar Tree Stores, Inc., No. 07-2275, 2008 WL 149234, at *4 (E.D. Cal. Jan. 14, 2008).

Defendants do not dispute that plaintiff sufficiently alleges FEHA retaliation claims. See Iwekaogwu v. City of Los

FEHA also allows plaintiff to pursue harassment claims against the individual defendants because it prohibits "'an employer . . . or any other person' from harassing an employee." Reno, 18 Cal. 4th at 644 (quoting Cal. Gov't Code § 12940(j)(1)) (emphasis in original); see also Cal. Gov't Code § 12940(j)(3) ("An employee . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . ."). Plaintiff sufficiently alleges harassment claims against the individual defendants in paragraphs twenty-two through twenty-five of her complaint, which plaintiff incorporates by reference into her FEHA claims. (Compl. ¶ 45); see Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264, 283 (2006) (discussing the elements of a harassment claim).

Accordingly, this court must grant defendants' motion to dismiss, with prejudice, only plaintiff's FEHA discrimination claims against the individual defendants.

B. Title VII Claims

Similar to FEHA, a plaintiff must also exhaust all administrative remedies prior to filing a Title VII claim. See Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003). With Title VII, "[t]he exhaustion requirement consists of two elements: [1] '"the jurisdictional" non-waivable requirement of presentment of the claim . . . (presentment); and (2) the "waivable" requirement of exhaustion of administrative remedies

---

Angeles, 75 Cal. App. 4th 803, 814 (1999) (quoting Flait v. N. Am. Watch Corp., 3 Cal. App. 4th 467, 475 (1992)) (stating the elements of a FEHA retaliation claim). While plaintiff sufficiently alleges FEHA retaliation claims, she does so against only Heimerich and Dakota. (Compl. ¶¶ 26(c)-(e), 30, 33.)

(exhaustion).'" Macy v. Dalton, 853 F. Supp. 350, 356-57 (E.D. Cal. 1994) (citations omitted).

"[T]he jurisdictional presentment requirement is met when the employee/plaintiff presents her claims to the employer/agency or an appropriate administrative review body such as the [Merit Systems Protection Board] or EEOC." Id. at 357 (citations omitted). Plaintiff filed a charge of discrimination with the EEOC on November 26, 2006, thereby satisfying the jurisdictional presentment requirement. (Compl. 4:23-24.)

The exhaustion requirement is satisfied when the plaintiff receives a right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Wrighten v. Metro. Hosps., Inc., 726 F.2d 1346, 1351 (9th Cir. 1984). Plaintiff has not satisfied the exhaustion requirement because the EEOC has not issued a right to sue notice to plaintiff. (Compl. 4:26-28.)

Unlike the presentment requirement, a plaintiff's failure to satisfy the exhaustion requirement is not necessarily fatal to the plaintiff's ability to assert a Title VII claim. Once a plaintiff has satisfied the jurisdictional presentment requirement, the plaintiff may assert equitable excuses or defenses to overcome the plaintiff's failure to satisfy the waivable exhaustion requirement. Macy, 853 F. Supp. at 357; Albano v. Schering-Plough Corp., 912 F.2d 384, 387-88 (9th Cir. 1990) (holding that "equitable considerations may excuse a claimant's . . . failure to exhaust administrative remedies[] when the EEOC improperly refuses to" do what a statute requires of it). Plaintiff argues the court should equitably excuse her failure to obtain a right to sue notice because § 2000e-5(f)(1)

entitles her to a notice and the EEOC is wrongfully withholding it.

Section 2000e-5(f)(1) "provides that if the EEOC has neither filed a Title VII action nor entered into a conciliation agreement to which the complainant is a party within 180 days from the date the charge is filed, the complainant _must_ be notified that he or she may now bring a civil action." _Brown v. Puget Sound Elec. Apprenticeship & Training Trust_, 732 F.2d 726, 729 (9th Cir. 1984) (emphasis added). Pursuant to § 2000e-5(f)(1), plaintiff is entitled to a right to sue notice because more than 180 days have passed since plaintiff filed her charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1)

Entitlement to a notice does not, however, allow a plaintiff to initiate a lawsuit. Once a plaintiff is entitled to a right to sue notice, the burden is on the plaintiff to request the notice from the EEOC. Federal regulation section 1601.28 provides that, "[w]hen a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued . . . the Commission shall promptly issue such notice." 29 C.F.R. § 1601.28 (2006).

While this language does not explicitly require the plaintiff to request a notice, the Ninth Circuit has interpreted the 1977-equivalent to section 1601.28 to mean that "if, after 180 days, the EEOC has not acted on a charge, the EEOC nevertheless will not issue a 'Right to Sue Letter' unless the aggrieved party asks for one." _Kirk v. Rockwell Int'l Corp._, 578 F.2d 814, 819 n.17 (9th Cir. 1978); _compare_ 29 C.F.R. § 1601.25(b) (1977) ("an aggrieved person may demand in writing

that a [right to sue] notice issue . . . and the Commission shall promptly issue a notice") with 29 C.F.R. § 1601.28 (2006) ("[w]hen a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued . . . the Commission shall promptly issue such notice").

In a letter dated September 7, 2007, plaintiff requested a right to sue notice from the EEOC (Carlock Decl. Ex. B), and at oral argument, defendants consented to the court's consideration of that letter in deciding this motion. Plaintiff's letter emphasizes that her "request for a notice of right to sue letter is not a request that the EEOC discontinue its investigation of the charge . . . ." (Id. (emphasis in original).) In response to her letter, the EEOC informed plaintiff that it would terminate its investigation if it issued a right to sue notice to plaintiff. (Id. at ¶¶ 5, 7.)

If Title VII does not allow the EEOC to force plaintiff to elect between a continued EEOC investigation or initiating a lawsuit in federal court, this court could equitably excuse plaintiff's failure to obtain such a notice. See Carter v. Smith Food King, 765 F.2d 916, 924 (9th Cir. 1985) ("[A plaintiff's] right to pursue civil action 'is not to be prejudiced' by the EEOC's failure to properly process a grievance after it has been filed.") (citations omitted).

Section 2000e-5(b) states that "[w]henever a charge is filed by or on behalf of a person claiming to be aggrieved . . . the Commission . . . shall make an investigation thereof." 42 U.S.C. § 2000e-5(b) (emphasis added). However, 29 C.F.R. § 1601.28(a)(3) provides that "[i]ssuance of a notice of right to

sue shall terminate further proceeding of any charge that is not a Commissioner charge unless [an applicable director] determines at that time or at a later time that it would effectuate the purpose of [T]itle VII or the ADA to further process the charge." 29 C.F.R. § 1601.28(a)(3); see also EEOC v. Duval Corp., 528 F.2d 945, 949 n.4 (10th Cir. 1976) ("'[D]uplication of proceedings should be avoided. The bill, therefore, contains a provision for termination of Commission jurisdiction once a private action has been filed . . . .'" (quoting H.R. Rep. No. 92-238, at 12 (1971))).

Plaintiff does not argue that this court should not defer to section 1601.28 or that the section is an unreasonable interpretation. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-45 (1984); EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 116 (1988) ("[T]he EEOC's interpretation of ambiguous language need only be reasonable to be entitled to deference."). Plaintiff's desire to concurrently pursue both remedies does not arise to an equitable excuse for her failure to obtain a right to sue notice.

Therefore, while plaintiff is entitled to a right to sue notice upon requesting one, section 1601.28(a)(3) requires plaintiff to elect between giving the EEOC the time it needs to complete its investigation or ending the investigation and pursuing her claim in federal court. If plaintiff pursues the later option, a right to sue notice issued subsequent to this order will not prevent plaintiff from amending her complaint to re-assert her Title VII claims. See Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n.1 (9th Cir. 1990) ("A Title VII

complainant may file an action prior to receiving her right to sue letter, provided there is not evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing.") (citation omitted).

Accordingly, as to her Title VII claim against the DCA, the court must grant defendants' motion to dismiss because of plaintiff's failure to exhaust her administrative remedies. As to her Title VII claims against the individuals defendants, the court must grant defendants' motion to dismiss, with prejudice, because individuals cannot be liable under Title VII. Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993); (see Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss 6:12-13 (conceding this issue).)

C. Section 1983 Claims

"Section 1983 does not create substantive rights; it merely serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979)). To prevail on a § 1983 claim, a plaintiff must show "1) that the defendant acted under color of state law, and 2) that the defendant deprived the plaintiff of a right secured by the Constitution or laws of the United States." Learned v. City of Bellevue, 860 F.2d 928, 933 (9th Cir. 1988).

While a plaintiff can seek relief under § 1983 and Title VII, the plaintiff cannot rely exclusively on "rights created by Title VII" to satisfy the second element of a § 1983

claim. Id. ("Violation of rights created by Title VII cannot form the basis of section 1983 claims.") (citing Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979)); see also Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984) ("Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII.").

In alleging her § 1983 claim, plaintiff quotes Title VII and alleges that defendants violated plaintiff's rights under Title VII. (Compl. ¶¶ 37-41.) Plaintiff does not allege a violation of rights that is independent of Title VII. Accordingly, this court must grant defendants' motion to dismiss plaintiff's § 1983 claim.

D. Negligence Claim

Plaintiff's claim for negligence is asserted against only the DCA. As plaintiff concedes, (Pl.'s Opp'n to Def.'s Mot. to Dismiss 10:26-28), the Eleventh Amendment bars this claim. Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004). Accordingly, the court must grant defendants' motion to dismiss, with prejudice, plaintiff's negligence claim against the DCA.

E. Property Damage and Assault and Battery Claims

Plaintiff's fourth and fifth causes of action allege common law property damage and assault and battery claims against only Dakota. The court will presume plaintiff sued Dakota in his individual capacity. Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1285 (9th Cir. 1994). In his individual capacity, Dakota can be liable for property damage and assault and battery. See Cal. Gov't Code § 820(a) ("Except as

otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person.”).

Accordingly, the court must deny defendants’ motion to dismiss plaintiff’s property damage and assault and battery claims against Dakota.

F. Motion to Strike Punitive Damages

“Upon a motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.” Fed. R. Civ. P. 12(f). A “motion to strike is appropriate to address requested relief . . . which is not recoverable as a matter of law.” Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005). When ruling on a motion to strike, the court must view the challenged pleadings in the light most favorable to the pleader. See Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924, 928 (9th Cir. 1994). Motions to strike are disfavored and “should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation.” Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Plaintiff argues that her Title VII claims against all defendants and intentional tort claims against Dakota entitle her to seek punitive damages.[4] Only the later claims can support

[4] A plaintiff may also seek punitive damages under FEHA, Commodore Home Sys., Inc. v. Superior Court, 32 Cal. 3d 211, 221 (1982); however, plaintiff did not allege that the individual defendants’ conduct supporting her FEHA claims was oppressive,

plaintiff's request for punitive damages because this court will dismiss plaintiff's Title VII claims against the individual defendants and Title VII cannot support a claim for punitive damages against the DCA. See 42 U.S.C. § 1983a(b)(1) (prohibiting recovery of punitive damages from a "government, government agency or political subdivision"); Barefield v. Cal. State Univ. Bakersfield, No. 05-633, 2006 WL 829122, at *7 (E.D. Cal. May 28, 2006).

A plaintiff can recover punitive damages for intentional torts if the plaintiff proves, by clear and convincing evidence, that "the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294; see also Lackner v. North, 135 Cal. App. 4th 1188, 1212 (2006) ("[P]unitive damages . . . are typically awarded for intentional torts such as assault and battery, . . . wrongful termination and job discrimination."). With regard to Dakota's conduct supporting plaintiff's intentional tort claims against him, plaintiff alleges that Dakota's conduct "was oppressive, fraudulent, and malicious." (Compl. ¶¶ 55, 60.)

Under Federal Rule of Civil Procedure 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Ninth Circuit has explained that Rule 9(b) does not "require any particularity in connection with an averment of intent, knowledge or condition of the mind." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). Plaintiff's general allegations, therefore, are sufficient to

---

fraudulent, or malicious. Cal. Civ. Code § 3294.

support plaintiff's request for punitive damages against Dakota for his alleged intentional torts. See Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("In federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.").

Accordingly, as to all claims except plaintiff's intentional tort claims against Dakota, this court must grant defendants' motion to strike plaintiff's request for punitive damages.

IT IS THEREFORE ORDERED that:

(1) defendants' motion to dismiss, with prejudice, plaintiff's state law discrimination and negligence claims against the DCA be, and the same hereby is, GRANTED;

(2) defendants' motion to dismiss plaintiff's Title VII claims against the DCA be, and the same hereby is, GRANTED;

(3) defendants' motion to dismiss, with prejudice, plaintiff's FEHA discrimination and Title VII claims against the individual defendants be, and the same hereby is, GRANTED;

(4) defendants' motion to dismiss plaintiff's FEHA retaliation and harassment claims and California Government Code sections 11135 and 19702 claims against the individual defendants be, and the same hereby is, DENIED;

(5) defendants' motion to dismiss plaintiff's § 1983 claims be, and the same hereby is, GRANTED;

(6) defendants' motion to dismiss plaintiff's property damage and assault and battery claims against Dakota be, and the same hereby is, DENIED; and

(7) defendants' motion to strike plaintiff's request for punitive damages be, and the same hereby is, GRANTED as to all claims except plaintiff's intentional tort claims against Dakota.

Plaintiff is given 45 days from the date of this order to file an amended complaint consistent with this order.

DATED: January 25, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE