UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANA WILSON-COMBS,

      Plaintiff,

   v.

CALIFORNIA DEPARTMENT OF
CONSUMER AFFAIRS; RUSS
HEIMERICH; STEVE DAKOTA; MILES
BRISTOW; GLENN MASON; KEVIN
FLANAGAN; DEBORAH WELLS; MELANIE
BEDWELL; and DOES 1 through 10,
inclusive,

      Defendants.

NO. CIV. 07-2097 WBS DAD

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS RETALIATION
CLAIM

----oo0oo----

      In its Order of January 28, 2008, this court granted in part and denied in part defendants' motion to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.  Among the claims which this court did not dismiss were plaintiff's Fair Employment and Housing Act (FEHA) retaliation claims against the individual defendants.  Cal. Gov't Code § 12940(h).  In denying defendants' motion to dismiss those claims,

1

1  this court noted:

2         On June 13, 2007, the California Supreme Court granted
3         review of a case to decide the limited issue of
       "[w]hether an individual may be held personally liable
       for retaliation under [FEHA]."  Because the California
4       Supreme Court has not yet rendered a decision, this court
       will follow the precedent allowing a plaintiff to bring
5       a retaliation claim against an individual.

6  (Jan. 28, 2008 Order 7 n.3 (citation omitted).)

7         Subsequent to this court's Order, on March 3, 2008, the

8  California Supreme Court decided <u>Jones v. Lodge at Torrey Pines</u>

9  <u>P'ship.</u>, No. S151022, 2008 WL 553670 (Cal. Mar. 3, 2008), stating

10 that an "employer, but not nonemployer individuals, may be held

11 liable" for retaliation under FEHA.  <u>Id.</u> at *1.  This court

12 accordingly ordered the parties to show cause why the court

13 should not now dismiss plaintiff's FEHA retaliation claims

14 against the individual defendants.

15        The court has read and considered the parties'

16 respective positions with respect to the effect of <u>Jones</u> upon

17 this court's Order of January 28, 2008.  Defendants argue that

18 <u>Jones</u> requires the court to dismiss plaintiff's retaliation

19 claims against the individual defendants, and plaintiff contends

20 <u>Jones</u> does not apply to this case.

21        Plaintiff first argues that this court should not

22 follow <u>Jones</u> because the California Supreme Court wrongly decided

23 the case.  A federal court is required, however, to apply the law

24 of the highest state court when exercising jurisdiction over a

25 state law claim.  <u>See</u> <u>Mangold v. Cal. Pub. Utils. Comm'n</u>, 67 F.3d

26 1470, 1478 (9th Cir. 1995) ("'In construing a state law, we

27 follow the decisions of the state's highest court.'") (citation

28 omitted); <u>Hillery v. Rushen</u>, 720 F.2d 1132, 1138 n.5 (9th Cir.

2

1  1983) ("Federal courts exercising pendent jurisdiction over state

2  law claims must apply state law as the state's highest court

3  would.") (citation omitted).

4       Plaintiff next argues that <u>Jones</u> is distinguishable.

5  In a footnote, the majority limited its holding to the specific

6  facts of that case.  Specifically, the <u>Jones</u> plaintiff originally

7  filed a harassment claim against the individual defendant and

8  claimed that the defendant retaliated against him because he

9  complained about the alleged harassment; however, the trial court

10  held that the individual defendant was not liable for the alleged

11  harassment.  <u>Jones</u>, 2008 WL 553670, at *6 n.4.  Based on these

12  facts, the California Supreme Court drastically limited its

13  holding as follows:

14

15       Justice Moreno's dissent argues, in part, that a
         supervisor who is liable for harassment should also be
16       liable for retaliating against someone who opposes or
         reports that harassment.  This case does not present that
17       situation. . . . Because the issue is not presented, <u>we
         express no opinion on whether an individual who is
18       personally liable for harassment might also be personally
         liable for retaliating against someone who opposes or
19       reports that same harassment.</u>

20  <u>Id.</u> (emphasis added).

21       Plaintiff's FEHA claims against the individual

22  defendants in this case fit squarely within the definition of the

23  kind of claim upon which the California Supreme Court stated in

24  the above footnote that it would express no opinion.  (<u>See</u> First

25  Am. Compl. ¶ 50 (alleging that the individual defendants

26  "subjected Plaintiff to retaliation for opposing" the individual

27  defendants' alleged harassment); <u>see also</u> Compl. ¶ 50 (alleging

28  that the individual defendants subjected plaintiff to retaliation

3

for opposing the harassment by the individual defendants).)

This court is therefore left in exactly the same position as it was before <u>Jones</u>.  "In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently."  <u>In re Watts</u>, 298 F.3d 1077, 1083 (9th Cir. 2002) (citations and emphasis omitted); <u>accord</u> <u>Tenneco W., Inc. v. Marathon Oil Co.</u>, 756 F.2d 769, 771 (9th Cir. 1985) ("Where an intermediate appellate state court has decided an issue of state law, that decision 'is not to be disregarded by a federal court unless it is convinced . . . that the highest court of the state would decide otherwise . . . .'") (citations omitted).

Because the California Supreme Court in <u>Jones</u> has still declined to hold that California Government Code section 12940(h) precludes personal liability even if the individual defendant is personally liable under the FEHA provision giving rise to the retaliation claim, this court will adhere to its prior decision and to "every published state and federal opinion to have considered this issue." <u>Jones</u>, 2008 WL 553670, at *21 (Moreno, J., dissenting) (citations omitted); <u>see also</u> <u>e.g.</u>, <u>Page v. Superior Court</u>, 31 Cal. App. 4th 1206, 1211-12 (Cal. Ct. App. 1995); <u>Winarto v. Toshiba Am. Elecs. Components, Inc.</u>, 274 F.3d 1276, 1288 (9th Cir. 2001).  Accordingly, the court will not revise its January 28, 2008 Order denying defendants' motion to dismiss plaintiff's FEHA retaliation claims against the individual defendants.

1          IT IS SO ORDERED.

2   DATED:  March 14, 2008

3

4                                   _____
                                    WILLIAM B. SHUBB

5                                   UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28