UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANA WILSON-COMBS,

        Plaintiff,

   v.

CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, RUSS HEIMERICH, STEVE DAKOTA, MILES BRISTOW, GLENN MASON, KEVIN FLANAGAN, DEBORAH WELLS, MELANIE BEDWELL, STEVE BRETZ, and DOES 1 through 10, inclusive,

        Defendants.

NO. CIV. 07-2097 WBS DAD

MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS

----oo0oo----

        Plaintiff Lana Wilson-Combs filed this sexual harassment and discrimination action against the California Department of Consumer Affairs (DCA) and current or former DCA employees Melanie Bedwell, Steve Bretz, Miles Bristow, Steve Dakota, Kevin Flanagan, Russ Heimerich, Glenn Mason, and Deborah Wells ("defendants").  Defendants now move to dismiss portions of plaintiff's First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

1

jurisdiction and, alternatively, Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

I.   Factual and Procedural Background

Plaintiff began working for the DCA as an Assistant Information Officer in October of 2000.[1] (FAC ¶ 23.) While employed at the DCA, plaintiff alleges that she has been continually and repeatedly subjected to sexually suggestive and derogatory comments, (see id. at ¶¶ 24-25 (detailing the alleged sexual harassment)), improper sexual and physical contacts (id.), and acts of racial discrimination and harassment. (See id. at ¶ 27 (detailing the alleged racial discrimination).)

Plaintiff allegedly objected to the harassment and discrimination through several methods. (Id. at ¶¶ 17-21.) Initially, plaintiff asserts that she personally informed Heimerich, her supervisor, and several of her co-employees of her complaints (id. at ¶ 25) and contacted law enforcement. (Id. at ¶ 28.) On August 4, 2005, plaintiff filed a formal grievance with the DCA pursuant to the applicable Collective Bargaining Agreement. (Id. at ¶ 20.) On November 16, 2006, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Id. at ¶ 18.) The EEOC subsequently began an investigation into plaintiff's charge and simultaneously forwarded the charge to the California Department of Fair Employment and Housing (DFEH). (Id. at ¶ 18.) While the EEOC conducted its investigation, the DFEH notified plaintiff that

---

[1] Plaintiff worked continuously as an employee of the DCA through the time she filed this action and continues to be employed by the DCA. (FAC ¶ 23.)

2

they would not be conducting a separate investigation and issued plaintiff a Right to Sue notice on November 28, 2006. (Id.) On March 17, 2008, the EEOC informed plaintiff that it had completed its investigation and would not be initiating a suit on her behalf, thereby issuing plaintiff her second Right to Sue notice. (Carlock Decl. Ex. A.)

Plaintiff also filed a formal complaint with DCA's internal office of Equal Employment Opportunity (EEO) on November 11, 2006, (FAC ¶ 19), and submitted a "Government Claims Form" to the California Victim Compensation and Government Claims Board on August 8, 2007. (Id. at ¶ 21.) The "Government Claims Form" was not acted upon within forty-five days and thus deemed rejected pursuant to California Government Code section 911.6(c) on September 14, 2007. (Id.); see also Cal. Gov't Code § 911.6(c) ("If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day . . . ."). On September 20, 2007, the DCA's EEO office "determined that insufficient evidence was found to sustain a violation" of plaintiff's rights and therein closed plaintiff's November 11, 2006 internal complaint with the DCA. (Id. at ¶ 19.)

On October 5, 2007, plaintiff initiated this lawsuit.[2]

---

[2] Plaintiff filed this action--which included her allegations pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17--before the EEOC issued its March 17, 2008 Right to Sue notice. However, because there is no evidence that the filing precluded the performance of administrative duties, the EEOC's subsequent issuance of the notice nonetheless satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing civil action allegations under Title VII. See Edwards v. Occidental

3

In addition to her aforementioned allegations, plaintiff also claimed that defendants refused to remedy her concerns and have since decreased her job responsibilities in retaliation. (FAC ¶¶ 27-28.) Additionally, plaintiff alleges she was exposed to other forms of co-employee retaliation, including claims that defendant Dakota has used physical force to confront her and vandalized her vehicle. (Id. at ¶¶ 28, 60.)

After this court's January 28, 2008 Order granted in part and denied in part defendants' motion to dismiss plaintiff's Complaint, Wilson-Combs v. Cal. Dep't of Consumer Affairs, No. 07-2097, 2008 WL 227850, at *8 (E.D. Cal. Jan. 28, 2008), plaintiff filed her FAC on March 5, 2008, alleging claims for (1) sexual and racial harassment, racial discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, against defendant DCA; (2) sexual and racial harassment, racial discrimination, and retaliation in violation of 42 U.S.C. § 1983 against all individually-named defendants; (3) sexual and racial harassment as well as retaliation in violation of state law, including California Government Code sections 11135, 12940 (Fair Employment and Housing Act (FEHA)), and 19702 (Civil Service Act), against all the individually-named defendants; and (4) state law assault, battery, and property claims against defendant Dakota.

Defendants now move to dismiss several portions of

---

Chem. Corp., 892 F.2d 1442, 1445 n.1 (9th Cir. 1990) ("A Title VII complainant may file an action prior to receiving her right to sue letter, provided there is no evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing.").

4

plaintiff's FAC under the contention that plaintiff failed to exhaust her administrative remedy, thereby rendering the court without subject matter jurisdiction over her Title VII and FEHA claims. Additionally, defendants request dismissal of plaintiff's assault and battery claims against Dakota for a lack of subject matter jurisdiction, or, alternatively, on grounds that plaintiff fails to state a claim upon which relief may be granted because worker's compensation is the exclusive remedy available.[3]

---

[3] Throughout her opposition, plaintiff precedes each of her substantive arguments with the conclusory assertion that defendants' instant Rule 12(b)(1) and 12(b)(6) contentions are barred by Rule 12(g), which generally estops parties from asserting arguments in a subsequent motion that were available to that party but were omitted from an earlier motion. See Fed. R. Civ. P. 12(g) ("[A] party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."). While defendants indeed filed a motion to dismiss plaintiff's original Complaint, plaintiff's argument that, under Rule 12(g), defendants waived the now-asserted grounds for dismissal by failing to raise them in the earlier motion is unpersuasive.

If the court determines that it lacks subject matter jurisdiction at any time during the proceedings--even if established under a party's successive motion to dismiss--it must dismiss the action. Fed. R. Civ. P. 12(h)(3); see also Howery v. Allstate Ins., Co., 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent. It is equally true that federal courts must address jurisdictional questions whenever they are raised."); Am. Tissue, Inc. v. Arthur Andersen, L.L.P., 275 F. Supp. 2d 398, 403 n.5 (S.D.N.Y. 2003) ("Because the instant motion challenges the Court's subject matter jurisdiction, [the plaintiff's] argument that the motion is untimely under Rule 12(g) is misguided. An objection to subject matter jurisdiction is always timely.") (emphasis in original). With respect to their contentions regarding Rule 12(b)(6), defendants conveniently overlook one of Rule 12(g)'s codified exceptions, set forth in Rule 12(h), which provides that "defenses [under Rule 12(b)(6)] for failure to state a claim may be presented at any time up to and including trial, and under Rule 12(g), a party does not waive a ground for moving to dismiss for failure to state a claim by not including that ground in an earlier motion to dismiss." In re Harmonic,

5

II.  Discussion

    A.  Legal Standards

        1.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and possess only the power to adjudicate cases that the Constitution and federal statutes permit. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing Cal. ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979)).

When considering a motion to dismiss for lack of subject matter jurisdiction, the district court may properly review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion . . . the court may inquire, by affidavits or otherwise, into the facts as they exist."); see also Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside of the pleadings does not convert a Rule 12(b)(1) motion into a summary judgment motion).

        2.  Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim

---

Inc., Sec. Litig., No. 00-2287, 2006 WL 3591148, at *12 (N.D. Cal. Dec. 11, 2006) (citing Fed. R. Civ. P. 12(h)(2)).

upon which relief may be granted, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"), abrogated on other grounds by Twombly, 127 S. Ct. at 1968. "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

    B.    <u>Subject Matter Jurisdiction with Respect to Plaintiff's Race-Based Allegations in the Title VII and FEHA Claims</u>

Title VII and FEHA place primary responsibility for disposing of employment discrimination complaints with the EEOC and DFEH, respectively, in order to encourage informal conciliation of employment discrimination claims and foster voluntary compliance with Title VII and FEHA. Ong v. Cleland, 642 F.2d 316, 319 (9th Cir. 1981); see also Lyle v. Warner Bros. Television Prod., 38 Cal. 4th 264, 278 (2006) (noting that

7

standards for employment discrimination and harassment claims under FEHA are identical to those under Title VII). A plaintiff must therefore exhaust his or her administrative remedies under Title VII and/or FEHA before seeking judicial relief from the discriminatory action alleged in his or her administrative charge. Id. at 320.

Defendants contend that plaintiff failed to exhaust her administrative remedies with respect to the race-based allegations encompassed in her Title VII and FEHA claims because she did not include such allegations in her original charge filed jointly with the EEOC and DFEH. Plaintiff does not dispute this contention, and an examination of plaintiff's administrative charge[4] indeed establishes that, while she effectively alleged charges based on sex discrimination and retaliation, plaintiff failed to include facts to suggest, much less assert, race-based allegations against any of the listed defendants. (Defs.' Req. for Judicial Notice Ex. 1 (EEOC Charge).)

In her opposition to defendants' instant motion, plaintiff asserts that, after filing of her original EEOC Charge, she submitted additional documentation detailing specific

---

[4] The court may take judicial notice of undisputed facts that are contained in extrinsic materials. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Although not attached to plaintiff's FAC, the original EEOC charge has been submitted by defendants and is appropriately considered as evidence on a Rule 12(b)(1) motion. See supra section II.A.1; Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary.") (citations omitted).

8

1  instances and dates of race-based discrimination, harassment, and
2  retaliation as part of an EEOC mediation held on February 6,
3  2007.  (Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss 5:13-20.)
4  However, despite knowledge that the court may properly review
5  evidence outside the pleadings in order to resolve factual
6  disputes concerning the existence of jurisdiction, plaintiff has
7  enigmatically refused to provide copies of this "additional
8  documentation" to the court.  Moreover, because plaintiff's
9  newfound assertion was not iterated anywhere in her FAC, the
10 court is not required to accept it as true.  See McLachlan v.
11 Bell, 261 F.3d 908, 909 (9th Cir. 2001) (even on a Rule 12(b)(1)
12 motion, the factual allegations in the complaint must be accepted
13 as true when the court does not hold an evidentiary hearing).
14 All plaintiff has presented is a conclusory argument
15 conspicuously absent from her actual pleadings, and thus the
16 court cannot find that her EEOC charge included the race-based
17 allegations.  See Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.,
18 594 F.2d 730, 733 (9th Cir. 1979) ("[T]he plaintiff will have the
19 burden of proof that jurisdiction does in fact exist." (quoting
20 Mortensen v. First Fed. Savs. & Loan Ass'n, 549 F.2d 884, 891 (3d
21 Cir. 1977))); see also Clegg v. Cult Awareness Network, 18 F.3d
22 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to
23 accept legal conclusions cast in the form of factual allegations
24 if those conclusions cannot reasonably be drawn from the facts
25 alleged.").
26      Nonetheless, the inquiry into whether the court may
27 consider plaintiff's additional Title VII and FEHA race-based
28 allegations does not end here.  Rather, "[w]hen an employee seeks

9

judicial relief for incidents not listed in his original charge to the [EEOC or DFEH], the judicial complaint nevertheless may encompass any discrimination <u>like or reasonably related to</u> the allegations of the [EEOC or DFEH] charge, including new acts occurring during the pendency of the charge before the EEOC [or DFEH]." <u>Oubichon v. N. Am. Rockwell Corp.</u>, 482 F.2d 569, 571 (9th Cir. 1973) (emphasis added).  Thus, "if an investigation of what <u>was</u> charged in the EEOC would necessarily uncover other incidents that were not charged, the latter incidents could be included in a subsequent action." <u>Okoli v. Lockheed Technical Operations Co.</u>, 36 Cal. App. 4th 1607, 1615 (1995) (emphasis in original).

The evidence does not show, nor does plaintiff effect a serious attempt to argue, that her race-based allegations are "like or reasonably related to" her original allegations such that they would "reasonably have been uncovered in an investigation of the charges that were made." <u>Id.</u> at 1617. Plaintiff specifically limited the focus of her EEOC/DFEH Charge to certain defendants' alleged sexual harassment/discrimination and retaliation, concluding with the statement, "I believe I have been discriminated against because of my sex, female and retaliated against because of my complaint . . . ."  (Defs.' Req. for Judicial Notice Ex. 1 (EEOC Charge); <u>see also</u> <u>Okoli</u>, 36 Cal. App. 4th at 1617 ("[T]he more specific the original charge, the less likely that expansion into other areas will be allowed.") (citations omitted).

Courts have long held that a particular charge of sexual harassment/discrimination filed with an administrative

10

agency would not reasonably trigger an investigation into discrimination on the ground of race. See Shah v. Mount Zion Hosp. & Med. Care, 642 F.2d 268, 271 (9th Cir. 1981) (affirming trial court's dismissal of plaintiff's civil claims based on race and religious discrimination because such allegations were not "reasonably related" to the allegations of sex discrimination explicitly listed in the EEOC Charge); cf. Chaudhary v. Telecare Corp., No. 99-3189, 2000 WL 1721075, at *3 (N.D. Cal. Nov. 12, 2000) ("Because claims of sex and age discrimination are not 'reasonably related to' national origin/ancestry discrimination DFEH charges, they must be dismissed for failure to exhaust administrative remedies."). Nor do listed charges of retaliation reasonably induce administrative investigation into a non-listed charge of race discrimination. Okoli, 36 Cal. App. 4th at 1617 (holding that an administrative charge of race discrimination is "not like or reasonably related to" a charge of retaliation); see also Latu v. Am. Airlines, No. 00-3301, 2001 WL 1658289, at *6 (N.D. Cal. Dec. 18, 2001) ("The claim of retaliation is not like or reasonably related to the allegations . . . which focused solely on his claim that he was harassed."); cf. Barron v. United Air Lines, Inc., No. 92-1364, 1993 WL 140630, at *5 (N.D. Cal. Apr. 20, 1993) ("[T]he scope of the administrative investigation into [plaintiff's] Charge of Discrimination would not reasonably have included an investigation into . . . claims [of] retaliation for complaining about discrimination.").

If simply alleging the race-based allegations in this action following her failure to properly exhaust her administrative remedy were deemed sufficient, it would allow

11

plaintiff to bypass, and thus defeat, the exhaustion requirement--the purpose of which is "to give the administrative agency the opportunity to investigate, mediate, and take remedial action." Stewart v. U.S. Immigration & Naturalization Serv., 762 F.2d 193, 198 (2d Cir. 1985). Accordingly, the court will grant defendants' motion to dismiss plaintiff's race-based allegations in her Title VII and FEHA claims (counts I and III) for lack of a showing of subject matter jurisdiction. However, because plaintiff now claims that she could have alleged that her race-based allegations were in fact presented in her Title VII and FEHA administrative claims, but for some reason omitted such allegation from her pleadings in this case, the court will allow plaintiff to amend her complaint to allege the facts which would support her assertion.

    C.    <u>Subject Matter Jurisdiction with Respect to Plaintiff's FEHA Claims Against Defendants Bedwell, Dakota, and Wells</u>

California Government Code section 12960 provides that

> any person claiming to be aggrieved by an alleged unlawful practice may file with the [DFEH] a verified complaint, in writing, that shall state <u>the name and address of the person, employer, labor organization, or employment agency</u> alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the [DFEH].

Cal. Gov't Code § 12960(b) (emphasis added). When the DFEH determines not to undertake an investigation, or that it will not pursue an accusation against the alleged violator, it must notify the prospective plaintiff and issue, on his or her request, a Right to Sue notice that "indicate[s] that the person claiming to

12

be aggrieved may bring a civil action under this part against <u>the person, employer, labor organization, or employment agency</u> named in the verified complaint within one year from the date of that notice." <u>Id.</u> § 12965(b) (emphasis added).

If a plaintiff fails to name or reference an individual defendant in her administrative charge per subsections 12960(b) and 12965(b) of FEHA, he or she is deemed to have failed to exhaust his or her administrative remedy and thus cannot later bring a civil suit under FEHA against that individual. <u>See</u> <u>Noel v. City of Oroville</u>, No. 07-0728, 2007 WL 3034815, at *6 (E.D. Cal. Oct. 16, 2007) ("[U]nder California law, failure to list the individual defendants in the administrative complaint precludes a civil action against those individual defendants."); <u>Medix Ambulance Serv. v. Superior Court</u>, 97 Cal. App. 4th 109, 118 (2002) (upholding the trial court's dismissal of causes of action for sexual harassment where "[p]laintiff neither listed [defendants] in the administrative charge as an 'employer' or 'person' against whom the claim was made, nor did she name them in the body of the complaint form as the alleged perpetrators"). This rule stems from the policy that "[f]or a claimant to withhold naming of known or reasonably obtainable defendants at the administrative complaint level is neither fair under [FEHA] in its purpose of advancing speedy resolutions of claims nor fair to known, but unnamed individuals, who at a later date are called upon to 'personally' account in a civil lawsuit without having been afforded a right to participate at the administrative level." <u>Valdez v. City of Los Angeles</u>, 231 Cal. App. 3d 1043, 1062 (1991).

13

In her FAC, plaintiff alleges that defendants Bedwell, Bristow, Dakota, Flanagan, Heimerich, Mason, and Wells engaged in several violations of FEHA. Yet, while plaintiff's administrative charge effectively names Bristow, Flanagan, Heimerich, and Mason, the charge fails to name or reference Bedwell, Dakota, and Wells in either its caption or body. See Hong v. Right Mgmt. Consultants, Inc., No. 04-4011, 2006 WL 335291, at *20-21 (N.D. Cal. Feb. 14, 2006) ("[T]he plaintiff had not administratively exhausted her employment claims against individual defendants where she failed to name the individual defendants in either the caption or the body of her administrative charge."). Accordingly, because plaintiff failed to exhaust her administrative remedy, the court will grant defendants' motion to dismiss plaintiff's FEHA claims against defendants Bedwell, Dakota, and Wells due to a lack of subject matter jurisdiction.

  D.   Plaintiff's Assault and Battery Claims Against Dakota
       1.   Subject Matter Jurisdiction

Defendants incorrectly contend that plaintiff failed to exhaust her claims for assault and battery against defendant Dakota by not filing a proper charge pursuant to California's Tort Claims Act, Cal. Gov't Code §§ 810-950.6. A plaintiff must comply with the exhaustion requirements of the California Tort Claims Act when alleging "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee . . . ." Cal. Gov't Code § 950.2 (emphasis added). In contrast, when a public employee's alleged acts fall outside the

14

scope of his employment, "a prerequisite claim pursuant to the Tort Claims Act is not required." Rabkin v. Dean, 856 F. Supp. 543, 552 (N.D. Cal. 1994).

As used in the Tort Claims Act, the phrase "scope of his employment" "is intended to make applicable the general principles that the California courts use to determine whether the particular kind of conduct is to be considered within the scope of employment in cases involving actions by third persons against the employer for the torts of his employee." Farmers Ins. Group v. County of Santa Clara, 11 Cal.4th 992, 1003 (1995) (citations omitted). Generally, California courts determine that a public employee is acting in the course and scope of his employment when "he is engaged in work he was employed to perform, or when the act is an incident to his duty and was performed for the benefit of his employer and not to serve his own purposes or convenience." Burgdorf v. Funder, 246 Cal. App. 2d 443, 448 (1966); see also Neal v. Gatlin, 35 Cal. App. 3d 871, 875 (1973) (finding that an employee's act "is deemed to be within the scope of his employment" only if "the object or end to be accomplished is within the employee's express and implied authority"); Payne v. Indus. Accident Comm'n, 84 Cal. App. 657, 660 (1927) ("[A]cts incidental to his regular duties, if of benefit to the employer and not personal to the employee, are within the scope of his employment.").

Here, plaintiff has alleged that Dakota "intentionally bumped the person of Plaintiff and obstructed her path in the workplace" in an "oppressive" and "malicious" manner in retaliation for the filing of her complaints. (FAC ¶¶ 59-60,

15

62.)  At this juncture, the court cannot deem this alleged action as being within "the scope of employment" regarding Dakota's position at the DCA.  Rather than performing an act incident to his duty or under DCA authorization, Dakota's behavior, as alleged, could depict an injurious scare tactic alerting plaintiff to his personal disgust at her ongoing series of complaints--some of which targeted Dakota personally.  See Farmers Ins. Group, 11 Cal. 4th at 1005 ("[I]f the employee inflicts an injury [and] the misconduct is not an outgrowth of the employment, the employee is not acting within the scope of employment.") (internal citations and quotations omitted); see also Bahan v. Kurland, 98 Cal. App. 3d 808, 812 (1979) (reversing the district court's finding that defendant, a psychiatrist employed at a mental health clinic operated by a public agency, was acting within the scope of employment when he solicited a patient to commit crimes because such acts "would not normally be considered incident to his duty and would in all probability be to serve his own purposes").

Accordingly, because plaintiff was not required to comply with the administrative procedure outlined in California's Tort Claims Act, the court will deny defendants' motion to dismiss plaintiff's assault and battery claims against Dakota for a lack of subject matter jurisdiction.

　　　　2.   Failure to State a Claim

As an alternative to their argument above, defendants also contend that plaintiff's assault and battery claims fail to state a claim upon which relief may be granted because they are barred by the workers' compensation exclusivity rule.  Generally,

16

an employee who sustains an industrial injury "arising out of and in the course of the employment" is limited to recovery under the workers' compensation system.[5]  Cal. Lab. Code § 3600(a); Fermino v. Fedco, Inc., 7 Cal. 4th 701, 708 (1994).  To prevent injured employees from circumventing this exclusivity rule by bringing lawsuits for work-related injuries against co-employees, who in turn would seek indemnity from their employers, the California Legislature subsequently provided immunity to co-employees.  See Cal. Lab. Code § 3601(a) ("The right to recover . . . compensation, pursuant to the provisions of [the workers' compensation laws,] is . . . the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment.").

There are, however, statutory exceptions to co-employee immunity.  As relevant here, a civil suit is permissible when an employee proximately causes another employee's injury or death by a "willful and unprovoked physical act of aggression" even when the offending employee is acting within the scope of employment.  Id. § 3601(a)(1).  The California Supreme Court has clarified the meaning of this exception, holding that commission of "unprovoked

---

[5] This rule of exclusivity is based upon the presumed "compensation bargain," pursuant to which the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability.  The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.

Fermino v. Fedco, Inc., 7 Cal. 4th 701, 708 (1994) (quoting Shoemaker v. Myers, 52 Cal. 3d 1, 16 (1990)).

17

physical acts of aggression" includes an intent to injure requirement. Torres v. Parkhouse Tire Serv., Inc., 26 Cal. 4th 995, 1006 (2001). The court distinguished "unprovoked physical acts of aggression" from "horseplay,"[6] which is "characterized by a lack of animosity" and consistently fall within the parameter of the workers' compensation exclusivity rule. Id. at 1007.

Accepting plaintiff's allegations in the FAC as true, it is not certain that her assault and battery claims against Dakota are barred by the workers' compensation exclusivity rule. Initially, the alleged act of "intentionally bump[ing] the person of Plaintiff and obstruct[ing] her path in the workplace" in an "oppressive" and "malicious" manner (FAC ¶¶ 59-60, 62) once again cannot clearly be said to have "aris[en] out of and in the course of employment" at the DCA. Cal. Lab. Code § 3600(a); see also Torres, 26 Cal. 4th at 1008-09 ("To be within the scope of employment [for workers' compensation purposes], the incident giving rise to the injury must be an outgrowth of the employment, the risk of injury must be inherent in the workplace, or typical of or broadly incidental to the employer's enterprise.").

Alternatively, when once again read in the light most favorable to plaintiff, the court finds she sufficiently alleges that Dakota acted in an intentionally injurious manner whether or

---

[6] Examples of employee "horseplay" that courts have determined are barred by the workers' compensation exclusivity rule include: Oliva v. Heath, 35 Cal. App. 4th 926, 933 (1995) (employees lowering co-employee's chair as a prank); Hodges v. Workers' Comp. Appeals Bd., 82 Cal. App. 3d 894, 898-99 (1978) (employees' friendly sparring match); Argonaut Ins. Co. v. Workmen's Comp. Appeals Bd., 247 Cal. App. 2d 669, 672 (1967) (ranch employees chasing each other around bunkhouse); and Pac. Employers Ins. Co. v. Ind. Accident Comm'n, 26 Cal. 2d 286, 294 (1945) (busboys tossing bread rolls at each other).

not he was within the scope of employment.  (FAC ¶¶ 55-57.)
Specifically, the "intent to injure" requirement is satisfied
where a plaintiff's claims depict "unprovoked conduct intended to
convey an actual, present, and apparent threat of bodily injury"
because this class of intentional co-employee transgressions
"against the employee's person by means of violence and coercion
. . . is *always* outside the compensation bargain."  Torres, 26
Cal. 4th at 1005, 1008 (emphasis in original); see also id. at
1009 ("[Workers' compensation's] intent to injure requirement
will not shield violent employees from civil suit . . . where
employees acting within the scope of employment commit violent,
injurious acts against coemployees" because "triers of fact could
reasonably infer an intent to injure to take the actions outside
the exclusivity rule's protection").  Therefore, because "[a]
battery [or assault] committed with the specific intent to injure
falls under the Section 3601(a)(1) exception to preemption by
[workers' compensation]," "[o]nce a plaintiff alleges specific
intent to injure for an assault and battery claim, [workers'
compensation] no longer controls the claim, regardless of whether
the dispute occurred as an incident of employment."  Padda v.
Prison Health Servs., Inc., No. 98-4664, 1999 WL 398005, at *4
(N.D. Cal. June 11, 1999); see id. (finding that because
"[p]laintiff alleges that defendant [] acted with specific intent
to injure her," "[s]he has pled a valid cause of action that is
not preempted, and the motion to dismiss as to the cause of
action for assault and battery is denied").

       Accordingly, because Dakota's behavior cannot clearly
be deemed as falling within the scope of employment and/or

plaintiff has alleged that she was the target of "willful and unprovoked physical acts of aggression" per the exception to workers' compensation preemption, Cal. Lab. Code § 3601(a)(1), the court will deny defendants' motion to dismiss plaintiff's assault and battery claims against Dakota for failure to state a claim upon which relief may be granted.

        IT IS THEREFORE ORDERED that

        (1) defendants' motion to dismiss plaintiff's Title VII and FEHA race-based allegations be, and the same hereby is, GRANTED;

        (2) defendants' motion to dismiss plaintiff's FEHA claims against individually-named defendants Bedwell, Dakota, and Wells be, and the same hereby is, GRANTED;

        (3) defendants' motion to dismiss plaintiff's assault and battery claims against Dakota be, and the same hereby is, DENIED.

        Plaintiff is given 30 days from the date of this order to file a second amended complaint consistent with this Order.

DATED: May 13, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE